IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ESTATE OF THAES WEBB JR. by and through Thaes Webb III and Kathryn Baier personal representatives, THAES WEBB III, KATHRYN BAIER, ESTATE OF DELEENE WEBB by and through Amy Rich, personal representative, TERRILEE JACKSON, PATTY ROGERS,<br><br>     Plaintiffs,<br><br>vs.<br><br>AUTO OWNERS INSURANCE COMPANY,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:24CV00934 DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the court on Defendant Auto Owners Insurance Company's ("Auto Owners") Motion to Dismiss. Plaintiffs filed this action in state court November 15, 2024,[1] and served Auto Owners with a Summons and Complaint on November 26, 2024.[2] Auto Owner's then removed it from state court on December 18, 2024,[3] and filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the case is not ripe for adjudication.[4] The motion has been fully briefed, and the court has thoroughly considered the parties' arguments. The court has also determined that oral argument would not materially assist the court in deciding the motion.

---

[1] ECF No. 2.
[2] *Id.*
[3] *Id.*
[4] ECF No. 5.

Plaintiffs' suit seeks adjudication of their disputes with Auto Owners over (1) its coverage determination that no UIM benefits are provided under the terms of the Umbrella Policy issued to the Decedent, Thaes Webb, Jr; (2) the extent to which Plaintiffs' claims against the Alleged Tortfeasors in the Underlying Action are "underinsured," if at all, (3) for UIM benefits under all applicable insurance policies issued by Auto Owners to Mr. Webb, and (4) Auto Owner's alleged breaches of contract, both express and implied, in handling Plaintiffs' claims for insurance benefits.

In the instant action, the amount Plaintiffs may eventually accept or receive from the Alleged Tortfeasors in the Underlying Suit is unknown. The court agrees with Auto Owners that until that amount is fixed and known, Plaintiffs' UIM claims are not ripe, and thus the claims are premature.

Accordingly, IT IS HEREBY ORDERED that Auto Owners' Motion to Dismiss for lack of subject matter jurisdiction [ECF No. 5] is GRANTED, and Plaintiffs' action is DISMISSED without prejudice. Plaintiffs may file another action when their claims are ripe. The Clerk of Court is directed to close this case.

DATED this 12th day of February 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge